UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,        )
                                 )
     v.                          )    Cr. No. 08-10346-MLW
                                 )
NICHOLAS DJOKICH and             )
EGINARDO DEANGELIS,              )
     Defendants.                 )

                              ORDER

WOLF, D.J.                                        October 7, 2010

Defendant Nicholas Djokich is detained pending sentencing after being convicted of one count of conspiracy to commit murder for hire in violation of 18 U.S.C. §1958 and one count of conspiracy to commit kidnaping in violation of 18 U.S.C. §1201. Djokich moved for brief and temporary physical leave from the Plymouth House of Corrections ("Plymouth") in order to travel in the custody of the U.S. Marshals to receive dental treatment at his own expense.[1]  Specifically, Djokich stated that two of his teeth require a root canal and crown in order to alleviate severe pain. The court referred the motion to Magistrate Judge Timothy S. Hillman, who denied it by summary electronic order.  Djokich is moving that the court reconsider the denial.  The government

---

[1] Djokich has characterized a portion of his argument as arising under the Eighth Amendment. However, as the court has not yet sentenced Djokich and entered a final judgment, he is protected under the Fifth Amendment rather than the Eighth Amendment. See Burrell v. Hampshire County, 307 F.3d 1, 7 (1st Cir. 2002).  The standard to be applied is the same as that used in Eighth Amendment cases.  See id.

opposes reconsideration and argues that Djokich's medical need has been adequately addressed because Djokich's needs can be adequately met by extraction of the teeth.

The court must ordinarily "modify or set aside any part of the [Magistrate Judge's] order that is contrary to law or clearly erroneous." See Fed. R. Crim. P. 59(a). Here, however, deference to the Magistrate Judge would be difficult, because (1) the Magistrate Judge made no findings of fact, nor did he articulate the basis for denying Djokich's motion; and (2) it appears that relevant dental records were not before the Magistrate Judge, apparently due to inadvertent omission from the electronic filings. De novo review is most appropriate. See In re De Mayolo, No. 06-64, 2007 WL 1121303, at *4 (N.D. Iowa Apr. 16, 2007)("A district court retains the authority to review de novo any aspect of a magistrate judge's ruling on a nondispositive matter in a criminal case . . . ."); see also United States v. Barbeito, No. 09-00222, 2010 WL 148379, at *1 (S.D.W. Va. Jan. 12, 2010)(performing de novo review of nondispositive order concerning detention); cf. United States v. Foley, No. 07-10390, 2009 WL 458558, at *2 (D. Mass. Feb. 24, 2009)(holding district courts should review detention determinations de novo under the Bail Reform Act).

Djokich's current dental condition causes him severe pain and disrupts his ability to eat. This is a serious medical condition. See, e.g., Chance v. Armstrong, 143 F.3d 698, 702-703 (2d Cir.

1998)(describing standard in the dental context).  Djokich's medical records indicate that the treating dental professional at Plymouth recommends a root canal procedure, see Aug. 3, 2010 Progress Note, a fact which distinguishes this case from most of those in which extraction was found to be minimally adequate care. See, e.g., James v. Pennsylvania Dep't of Corr., 230 Fed. App'x 195, at *1 (3d Cir. 2007).  In these circumstances, the root canal procedure may be constitutionally required, see Kosilek v. Maloney, 221 F. Supp. 2d 156, 176-183 (D. Mass. 2002)(describing standard), and is, in any event, appropriate.  The government expresses concern that Djokich may attempt to flee during the procedure, but it is not apparent that Djokich cannot be physically restrained during transport and treatment.  Although the government also appears to be concerned that Djokich's confederates may attempt to enter the treatment facility during Djokich's treatment, Djokich has consented to treatment at a facility selected by the Marshals and presumably will not object if the location and time of treatment are not disclosed to him in advance.[2]

Accordingly, it is hereby ORDERED that Djokich's Motion for Reconsideration (Docket No. 203) is ALLOWED to the extent that the Marshals shall make available to Djokich a root canal and crown procedure for the two teeth at issue and at Djokich's expense.  If

---

[2] Should Djokich object, the government may move to stay this order and for reconsideration.

these services cannot reasonably be provided at Plymouth or some other detention facility, prison, or federal medical center within this district, the Marshals shall escort Djokich to an appropriate dental facility and implement all necessary and appropriate security measures.

                                                    /s/ Mark L. Wolf
                                      UNITED STATES DISTRICT JUDGE